TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-910 |
| of | : | |
| | : | December 2, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

DALE S. HOLMES, RIVERSIDE COUNTY SUPERINTENDENT OF SCHOOLS, has requested leave to sue in quo warranto to remove NAN SANDERS from the office of TRUSTEE OF THE PERRIS ELEMENTARY SCHOOL DISTRICT on the following question of fact or law:

Does the doctrine of incompatible public offices preclude a person from simultaneously holding the offices of trustee of a high school district and trustee of an elementary school district which is wholly within the geographic boundaries of the high school district?

CONCLUSION

The doctrine of incompatible public offices precludes a person from simultaneously holding the offices of trustee of a high school district and trustee of an elementary school district which is wholly within the geographic boundaries of the high school district.

ANALYSIS

Dale S. Holmes, Superintendent of Schools for Riverside County ("relator"), contends that Nan Sanders ("defendant") is unlawfully serving as a Trustee of the Perris Elementary School District. In November 1993, defendant was elected to serve a four-year term as Trustee of the Perris Elementary School District and currently holds that office. In November 1995, defendant was elected to serve a four-year term as Trustee of the Perris Union High School District and currently holds that office. The boundaries of the Perris Elementary School District are within the boundaries of the Perris Union High School District.

In 75 Ops.Cal.Atty.Gen. 10, 11-13 (1992) we noted the governing principles applicable here:

"In deciding whether to grant leave to sue in the name of the People of the State of California, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution and where the action in quo warranto would serve the overall public interest. (74 Ops.Cal.Atty.Gen. 26 (1990).)

"This application for leave to sue concerns the common law doctrine of incompatible public offices. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) As explained by the Supreme Court in the landmark case of *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636:

"`Two offices are said to be incompatible when the holder cannot in every instance discharge the duties of each. Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of two are inherently inconsistent or repugnant, as where antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both. The true test is whether the two offices are incompatible in their natures, in the rights, duties or obligations connected with or flowing from them.' (Id. at pp. 641-42.)

"In 73 Ops.Cal.Atty.Gen., *supra*, 270, we summarized as follows:

"`. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"`We have previously stated that only one potential and significant clash of duties need be found to render two offices incompatible. In 63 Ops.Cal.Atty.Gen. 623 (1980), for example, the offices of city mayor and airport district director were found to be incompatible even though there were currently "no significant `interactions' between the city and the district." (Id. at p. 624.) We concluded that in many situations that would arise "in the regular operation of the statutory plan," "the person holding both offices would have [t]he potential for significant clashes" of loyalties. (Id. at p. 627.)

"`If the two positions are "offices" and if they are "incompatible," the consequence is that "`the mere acceptance of the second incompatible office per se terminates the first office as effectively as a resignation.'" (*People* ex rel. *Chapman* v. *Rapsey*, *supra*, 16 Cal.2d 636, 644.)'"

We have previously applied the doctrine of incompatible public offices to a person serving as a trustee of a high school district and as a trustee of an elementary school district encompassed by the high school district. In 68 Cal.Ops.Atty.Gen. 171 (1985) we concluded that the two offices were incompatible and could not be simultaneously held by the same person. In reaching that conclusion, we relied upon our analysis contained in a 1975 letter opinion (Cal. Atty. Gen., Indexed Letter, No. IL 75-22 (Feb. 18, 1975)) as follows:

"`An examination of the powers of school district boards reveals areas wherein the potentiality of significant clashes of members' duties or loyalties exist. For instance, under the Community Recreation Act, [citation], school districts can enter into agreements to jointly establish systems of recreation. [Citations.] They may also organize and conduct recreation programs, establish systems of playgrounds and recreation, and obtain, build, maintain and operate recreation centers within or without their territorial limits. [Citations.] School districts can grant the use of their grounds, buildings, and equipment to other school districts for community recreational purposes. [Citations.] Thus, where two school boards have a common member, and each desires to enter into an agreement for recreational purposes with the other, a conflict arises because the common member's loyalty is necessarily divided between the two boards.

"`The "Joint Exercise of Powers Act," [citation], allows two or more public entities which have powers in common to exercise said powers jointly, pursuant to written agreement. It is patently obvious that community college districts, high school districts, and elementary school districts have numerous powers in common. Thus, there are many areas in which there could be joint powers agreements between such school districts. A division of loyalties, in the form of a contractual conflict, would result from the mere fact that the same person sits on each of the boards desiring to enter into a joint agreement.

"`Each of the types of school districts involved has the power of eminent domain. [Citation.] When the power is exercised by one of the districts, a conflict with the best interests of the other district could arise. For example, one district might desire to acquire property for a new school site, the location of which could be of great interest of the other district. Thus, the individual who serves on the two boards would find himself or herself in a position of having to choose between the loyalty owed to each board on which the member sits.

"`Governing boards of school districts can also sue and be sued. [Citations.] It is conceivable that a person who holds office on two boards could be faced with having to decide whether or not to sue the other school district on whose board that person also sits. Similarly, substantial conflicts would arise during the litigation process when the member common to each district board is faced with making decisions with regard to said litigation.

"`It should also be noted that school boards have a great amount of discretion in the management of their property. A school district may sell or lease certain personal property. A school district may sell or lease certain personal property to another school district without advertising for bids. [Citations.] The governing board may sell or lease any real property, and any personal property located thereon, when not needed for classroom buildings. [Citations.] The governing board can sell, exchange, grant or quitclaim to another school district owning the property. [Citations.] Significant clashes of loyalty would result when the person holding dual offices is required to act in the best interests of each school district in the transaction.'" (Id., at pp. 172-174.)

The doctrine of incompatible public offices precludes a person from serving in both offices in the absence of statutory authorization to do so. It is based upon considerations of public policy to prevent a division of loyalty, and not upon any notion of personal pecuniary conflict or advantage to the officeholder. Thus, even where a person has served honorably in one office for many years, and assumes a second office only out of a sense of civic obligation, the doctrine of incompatible offices applies. The rule is applicable because of the character of the offices, not because of the character of the particular officeholder.

Only one significant clash of loyalties is required to make public offices incompatible, and the possibility of such a clash exists in the situation presented here. (See 68 Ops.Atty.Gen., *supra*, at 174; 37 Ops.Cal.Atty.Gen. 21, 22 (1961).) The public and each of the school districts in question have an interest in the undivided loyalty of their elected officials. (73 Ops.Cal.Atty.Gen. 354, 357 (1990); 73 Ops.Cal.Atty.Gen. 183, 188, (1990).) The public interest is served by permitting suit in this case, where more than one year remains in the overlapping terms of the defendant's public offices. The relator's application for leave to sue in quo warranto is granted.

\* \* \* \* \*